UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL'S GOURMET PANTRY, INC., | Case No. 2:22-cv-01953-ART-BNW |
| Plaintiff, | **ORDER AND REPORT AND RECOMMENDATION** |
| v. | |
| BACK OF THE HOUSE, LLC, | |
| Defendant. | |

On September 25, 2024, the Court held a hearing on the Motion to Withdraw (ECF No. 21) filed by then-counsel of Defendant Back of the House. ECF No. 26. The Court granted the Motion and directed former defense counsel to file proof of service for both the Motion to Withdraw and the minutes of the hearing. *Id.* Weeks later, former defense counsel filed said Certificates of Service. ECF Nos. 28; 29. Upon granting the Motion, the Court directed Back of the House to obtain new counsel within 30 days and set a status conference for November 12, 2024. ECF No. 26.

Back of the House failed to obtain new counsel or attend the status conference. ECF No. 30. Given Back of the House's failures, the Court issued an Order to Show Cause why default should not be entered against it for failure to retain new counsel and set a 10-day deadline for the Show Cause Response. *Id.* The Court mailed the minutes of the hearing to former defense counsel as well as emailed them to Back of the House's email address. *Id.* Though the deadline has passed, Back of the House has not filed its Show Cause Response.

**I.   ANALYSIS**

Back of the House failed to show cause why the Court should not enter default for its failure to retain new counsel. *See* ECF No. 30. Because Back of the House filed an Answer (ECF No. 14), the Court cannot enter default until the Answer is stricken.

An answer may be stricken when a defendant fails to defend itself. *See Microsoft Corp. v. Marturano*, No. 06cv1747 OWW GSA, 2009 WL 1530040, at \*2, 6 (E.D. Cal. May 27, 2009) (striking answer against defendant who persistently failed to participate in the action); *Galtieri–*

*Carlson v. Victoria M. Morton Enters.*, 08cv1777 FCD–KJN–PS, 2010 WL 3386473, at *3 (E.D. Cal. 2010). In addition, when a business entity fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it. *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007). Procedurally, courts have stricken the answers of business entity defendants who have failed to defend themselves, directed entry of default, and then allowed the plaintiff to move for default judgment. *See Rojas v. Hawgs Seafood Bar, Inc.*, No. C08–03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."); *Oracle America, Inc. v. Serv. Key, LLC*, No. C12–790SBA, 2013 WL 1195620, at *2–3 (N.D. Cal. Mar. 22, 2013) (ordering that if substitute counsel is not found, the court will strike answer and direct entry of default, and then plaintiff may file a motion for default judgment).

A limited liability company cannot appear in federal court without counsel. *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Here, Back of the House has failed to retain counsel as ordered. ECF No. 26. It has also failed to appear at the status conference, correspond with either Plaintiff's counsel or the Court, or comply with the Court's directives despite being served with the Court's orders. *See* ECF Nos. 26; 28–30. As an LLC, Back of the House must be represented by counsel in this Court. By failing to obtain counsel or comply with the Court's orders—particularly the Order to Show Cause—Back of the House has failed to defend itself. It therefore is appropriate to strike its Answer.

## II.   CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Back of the House's Answer (ECF No. 14) be **STRICKEN**.

**IT IS FURTHER RECOMMENDED** that a default be entered against Back of the House for its failure to "otherwise defend" this action. FED. R. CIV. P. 55(a).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this

Order and Report and Recommendation to the following address:

> Leah Martin Law
> 601 South Rancho Drive, Suite C26
> Las Vegas, NV 89102

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to email a copy of this Order ad Report and Recommendation to the following email address: sdavis@backofthehousestore.com.

## NOTICE

This Report and Recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 26th day of November 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE