UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| MICHAEL'S GOURMET PANTRY, INC. | Case No. 2:22-cv-01953-ART-BNW |
|---|---|
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE (ECF No. 31) |
| v. | |
| BACK OF THE HOUSE, LLC, | |
| Defendant. | |

Plaintiff Michael's Gourmet Pantry brought this action against Defendant Back of the House, alleging breach of contract, breach of covenant of good faith and fair dealing, and implied indemnity regarding a walk-in cooler that Plaintiff purchased from Defendant.

On September 25, 2024, the Court granted Defense Counsel's motion to withdraw and gave Defendant 30 days to retain new counsel. (ECF No. 26.) After Defendant failed to do so, the Court entered an order to show cause as to why default should not be entered against Defendant for their failure to retain new counsel. (ECF No. 30.) Defendant has failed to respond to the order to show cause, and the deadline to do so has now expired. Magistrate Judge Weksler issued a Report and Recommendation (R&R) recommending that Defendant's answer (ECF No. 14) be stricken, and Default be entered against Defendant for failure to "otherwise defend" this action under Federal Rule of Civil Procedure 55(a). (ECF No. 31.)

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate

1

judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Parties had until December 10, 2024 to file an objection to Judge Weksler's R&R. (*See* ECF No. 31.) Neither party filed an objection and the time to do so has now expired.

While no review of an R&R is required absent an objection, upon review the Court agrees with Judge Weksler's analysis and recommendation. Defendant Back of the House has failed to "otherwise defend" this action under Rule 55(a). A corporation cannot appear in federal court without counsel. *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Defendant failed to obtain counsel by the Court's deadline, failed to attend the status conference on November 12, 2024, and failed to respond to the Court's order to show cause. (ECF Nos. 27; 30.) Thus, it is appropriate to strike Defendant's answer and enter Default against Defendant. The Court also grants Plaintiff leave to file a motion for default judgment within 30 days of this order, by February 13, 2025.

**Conclusion**

It is therefore ordered that Judge Weksler's report and recommendation (ECF No. 31) is ADOPTED in full.

It is further ordered that that Back of the House's Answer (ECF No. 14) be STRICKEN.

It is further ordered that default be entered against Defendant Back of the House for its failure to "otherwise defend" this action. Fed. R. Civ. P. 55(a).

//
//

The Court grants Plaintiff leave to seek default judgment against Defendant. Plaintiff must file any motion for default judgment by February 13, 2025.

Dated this 14th day of January, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE