UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL'S GOURMET PANTRY, INC. <br><br> Plaintiff, <br><br> v. <br><br> BACK OF THE HOUSE, LLC, <br><br> Defendant. | Case No. 2:22-cv-01953-ART-BNW <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT <br> (ECF No. 33) |

Plaintiff Michael's Gourmet Pantry brought this action against Defendant Back of the House, alleging breach of contract, breach of covenant of good faith and fair dealing, and implied indemnity regarding a walk-in cooler that Plaintiff purchased from Defendant. Before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 33.) The Court denies Plaintiff's motion without prejudice for failing to analyze the factors required to grant default judgment.

**I.   Background**

Pursuant to Federal Rule of Civil Procedure 55(b), after default has been entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. The Court ordered that default be entered against Defendant for failure to defend on January 14, 2025, and granted Plaintiff leave to file a motion for default judgment. (ECF No. 32.) On that same date, the Clerk entered Default against Defendant. (ECF No. 35.) Plaintiff subsequently filed the instant motion. (ECF No. 33.)

**II.   Legal Standard for Default Judgment**

In deciding whether to grant default judgment, the Court considers factors including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6)

whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

## I.   Analysis

Courts regularly deny motions for default judgment that fail to cite and discuss relevant law and factors. *See Frenchans LLC v. Vestige LLC*, No. CV-22-00241-PHX-JZB, 2023 WL 3952432, at *2 (D. Ariz. Jan. 25, 2023) (collecting cases). Plaintiff's motion for default judgment does not cite or argue any of the *Eitel* factors. (ECF No. 33); *see Switch, LTD v. Protego Fin. Corp.*, No. 3:24-CV-00250-ART-CLB, 2025 WL 522174 (D. Nev. Feb. 14, 2025). Plaintiff may re-file a motion for default judgment that addresses the factors this Court must consider in deciding a motion for default judgment.

## II.   Conclusion

The Court denies Plaintiff's motion for default judgment against Defendant (ECF No. 33) without prejudice and with leave to amend.

Dated this 20th day of May 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2