UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL'S GOURMET PANTRY, INC.<br><br>Plaintiff,<br>v.<br><br>BACK OF THE HOUSE, LLC,<br><br>Defendant. | Case No. 2:22-cv-01953-ART-BNW<br><br>ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT<br>(ECF No. 39) |

Plaintiff Michael's Gourmet Pantry brought this action against Defendant Back of the House, alleging breach of contract, breach of covenant of good faith and fair dealing, and implied indemnity regarding a walk-in cooler that Plaintiff purchased from Defendant. (ECF No. 1.) Before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 39.) The Court now grants Plaintiff's Motion.

**I.    Background**

On September 25, 2024, Magistrate Judge Brenda N. Weksler granted Counsel for Defendant's motion to withdraw and ordered Defendant to obtain new counsel by October 25, 2024. (ECF No. 26.) On November 12, 2024, Judge Weksler entered an Order to Show Cause as to why default should not be entered against Defendants for failure to retain new counsel. (ECF No. 30.) Defendants failed to appear, and Judge Weksler issued a Report and Recommendation recommending that Defendant's answer be stricken and default be entered. (ECF No. 31.) The Court then directed the Clerk to enter default against Defendant and granted Plaintiff leave to seek default judgment against Defendant on January 14, 2025. (ECF No. 32.) On that same date, the Clerk entered Default against Defendant. (ECF No. 35.) Plaintiff subsequently filed its first Motion for Default Judgment. (ECF No. 33.) This Court denied that motion without prejudice for failure to present relevant facts and law for default. (ECF No. 38.) Plaintiff then

filed the instant motion. (ECF No. 39.) Defendant did not file a response.

## II.  Legal Standard for Default Judgment

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . the clerk must enter the party's default." In deciding whether to grant default judgment, the Court considers factors including "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

## I.  Analysis

### A. Prejudice To Plaintiff

The possibility of prejudice to the plaintiff may be satisfied by showing harm and that the plaintiff lacks other recourse without default judgment. *Nolan v. Calello*, No. 2:21-CV-00981-AB-RAO, 2021 WL 4621945, at *3 (C.D. Cal. July 8, 2021); *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, No. 2:22-CV-01648-GMN-BNW, 2024 WL 1160715, at *3 (D. Nev. Mar. 15, 2024). In this case, Plaintiff made payments totaling $26,224.75 of the $91,847.40 owed under the contract to a third-party lender, and never received a product that conformed to the contract's specifications. (ECF No. 39 at 13.) Plaintiff has incurred attorney's fees defending an action from its lender and incurred fees to remove the non-conforming product. (*Id.* at 13-14.) This is enough to show prejudice.

### B. Merits of Plaintiff's Claims and Sufficiency of Complaint

Plaintiff's complaint must allege facts that support plausible, legally cognizable claims. *NewGen*, 840 F.3d at 613-14. Plaintiff's complaint seeks relief

under breach of contract, breach of the covenant of good faith and fair dealing, implied indemnity, and declaratory relief. (ECF No. 1.) Because the Clerk entered default against Defendant, these allegations are accepted as true.

To plead breach of contract, Plaintiff must allege "(1) the existence of a valid contract, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the breach caused the plaintiff damages." *See Iliescu v. Reg'l Transp. Comm'n of Washoe Cty.*, 522 P.3d 453, 458 (Nev. App. 2022). The complaint alleged that a contract existed, that Defendant failed to provide a conforming cooler, and that breach harmed Plaintiff. (ECF No. 1 at 10.)

In Nevada, every contract implies the covenant of good faith and fair dealing. *Virgin Valley Water District v. Paradise Canyon, LLC*, 567 P.3d 962, 972 (Nev. 2025). A plaintiff must allege that a party to a contract "deliberately countervene[d] the intention and the spirit of the contract." *Morris v. Bank of America Nevada*, 110 Nev. 1274, 1278 (1994). "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Jimenez v. GEICO Gen. Ins. Co.*, 448 F. Supp. 3d 1108, 1113 (D. Nev 2020) (internal citation omitted). In its motion for default, Plaintiff fails to complete its sentence alleging how the Defendant breached its duty under the covenants of good faith and fair dealing. (ECF No. 39 at 10.) Both claims are based on failing to provide the usable walk-in cooler. (ECF No. 1 at 10-11.) Therefore, the Court finds that the Plaintiff has failed to state a claim for breach of the implied covenant of good faith and fair dealing, because it is based on the same facts as its breach of contract claim.

To plead implied indemnity, Plaintiff must allege that "(1) it has discharged a legal obligation owed to a third party; (2) the party from whom it seeks liability was also liable to the third party; (3) as between the claimant and the party from whom it seeks indemnity, the obligation ought to be discharged by the latter."

3

*Rodriguez v. Primadonna Co., LLC*, 125 Nev. 578, 590 (2009) (internal citation omitted). "In evaluating a claim for implied indemnity, courts must carefully examine both parties' conduct on a case-by-case basis, with the ultimate goal of doing what is fair or just." *Bank of New York for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-OA16, Mortgage Pass-Through Certificates, Series 2006-OA16 v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1232 (D. Nev. 2018) (citing *Hydro-Air Equip., Inc. v. Hyatt Corp.*, 852 F.2d 403, 406 (9th Cir. 1988)). "While it is true that the obligation to indemnify clearly arises in certain situations, for example, when a master-servant relationship exists, implied equitable indemnity may be entirely proper if it is simply fairer to shift the burden of loss." *Id.* Thus, it is for the finder of fact to "examine the relationship or nexus between the parties when evaluating whether it is fair to require the indemnitor to pay the losses incurred." *Id.*

The complaint alleges that in order to fulfill the financing agreement between Plaintiff and Defendant, Plaintiff was required to pay Alliance Funding Group the amount of $1,530.79 per month for sixty months. (ECF No. 1 at 11-12.) Defendant had a contractual relationship with Alliance Funding Group to provide the cooler that Alliance Funding Group would then lease to Plaintiff. (ECF No. 12-1, Ex. A.) In the invoice between Defendant and Alliance Funding Group, Defendant warranties refrigeration for one year. (*Id.*) This is sufficient to show a legal obligation to the third party. As a result of Defendant's breach by providing a non-conforming cooler, Plaintiff stopped paying on its third-party guaranty agreement with Alliance Funding Group. (ECF No. 1 at 12.) This caused Alliance Funding Group to sue Plaintiff over the remaining funds. (ECF No. 29 at 10-11.) Plaintiff filed a third-party suit against Defendant in that action, and Defendant filed a motion to dismiss based on forum selection that was denied. (ECF No. 12-1 at 70-76.) Alliance Funding Group and Plaintiff later settled their claims for $5,000. (*Id.*) Therefore, Plaintiff has stated sufficient facts for a claim for implied

4

1  indemnity.

2      To plead a claim for declaratory relief, Plaintiff must allege "(1) a justiciable controversy exists between persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cnty. of Clark, ex rel. Univ. Med. Ctr. V. Upchurch,* 961 P.2d 754, 757 (Nev. 1998). The complaint alleged that a controversy existed between it and Defendant, that Plaintiff has a legally protectable interest in its rights under the contract, and that Plaintiff's right to recover its losses under the purchase of the cooler is ripe for judicial determination. (ECF No. 1 at 12.)

    Accordingly, the *Eitel* factors favor granting default judgment on breach of contract, implied indemnity, and declaratory relief, but not on breach of the implied covenant of good faith and fair dealing.

### C. Damages at Stake in Relation to Seriousness

    The damages at stake in the case are proportional to the seriousness of the Defendant's conduct. Compensatory damages are proportional to harm caused by "persistent disregard for [] contractual obligations." *Sit Means Sit Franchise, Inc. v. SMSHTX, LLC*, No. 2:23-cv-01464-CDS-DJA, 2024 WL 3202561, at *3 (D. Nev. Jun. 26, 2024). Plaintiff seeks damages in the amount that it paid to Alliance Funding Group under its payment plan for the non-conforming cooler, $26,224.75, as well as $5,612 for the cost of hauling off the damaged cooler panels, coils, and compressor parts. (ECF No. 39 at 13.)

    Under its claim for implied indemnity, Plaintiff is also suing for legal fees and costs in a lawsuit filed against it by Alliance Funding Group in the amount of $67,223.29, $5,000 of which is towards the settlement of the case. (*Id.*) The Court finds that the sum of money is not completely disproportionate or inappropriate given the Defendant's conduct.

5

### D. Disputes of Material Fact

There is no dispute concerning material facts at this stage in proceedings. *NewGen*, 840 F.3d at 616. After the Clerk entered default, "the well-pleaded allegations of the complaint relating to the defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987)). Therefore, this fact also weighs in favor of default judgment.

### E. Excusable Neglect

Defendant's neglect of this lawsuit does not appear to be excusable. When a defendant fails to make an appearance after being properly served, this factor favors default judgment. *See Bd. of Trustees of Constr. & Laborers Health & Welfare Tr. v. Bottom Line Constr.*, No. 2:23-cv-00830-JCM-DJA, 2024 WL 3104519, at *3 (D. Nev. Jun. 24, 2024). After defense counsel moved to withdraw, Defendant failed to replace counsel within thirty days (ECF No. 27), failed to appear at a status conference (ECF No. 30), Defendant was served with the summons and complaint, failed to appear at a status conference, and failed to respond to an Order to Show Cause (ECF No. 32). Accordingly, this factor weighs in favor of default judgment.

### F. Policy Favoring Decision on the Merits

Here a decision on the merits is unlikely despite the federal rules' strong policy preference for deciding cases "upon their merits whenever possible." *NewGen*, 840 F.3d at 616 (citing *Eitel*, 782 F.2d at 1471-72). Defendant has not participated in this case for over a year, and the Court finds that deciding the case on the merits is exceedingly unlikely. *See PepsiCo*, 238 F.Supp.2d at 1175. This factor does not preclude the Court from granting default judgment.

Accordingly, the Court finds that the factors weigh in favor of granting default judgment.

### G. Damages

#### a. Breach of Contract

The scope of relief a Court may award in granting default judgment is limited by the kind and amount of damages which are sought in the complaint. Fed. R. Civ. P. 54(c). Where a plaintiff's complaint seeks damages "in an amount to be proven at trial," a district court is not barred from awarding damages in a default judgment, so long as the damages awarded do not differ "in kind" from those prayed for in the complaint. *Scott v. Olives, Inc.*, No. 2:24-cv-01555-RB-DJA, 2025 WL 1577908 at *8 (D. Nev. Jun. 3, 2025) (citing *AirDoctor, LLC v. Xiamen Qichuang Trade Co.*, 134 F.4th 552, 554-55 (9th Cir. 2025)).

Plaintiff has provided sufficient evidence of its damages under its claims for breach of contract and breach of the covenant of good faith and fair dealing. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (allegations of damages are not taken as true when considering default). Here, Plaintiff bases its damages on invoices to Alliance Funding Group under the contract ($26,224.75) (ECF No. 39, Ex. 3 and Ex. 5) and its invoice from Bryco for removing the nonconforming cooler ($5,612). (*Id.* at Ex. 6.) The Court therefore grants Plaintiff damages in the amount of $31,836.75.

#### b. Implied Indemnity

For Plaintiff's claim for implied indemnity, it cites the settlement of its state court lawsuit ($5,000). (ECF No. 39, Ex. 3.) The Court grants these damages.

Plaintiff's list of legal fees in Exhibit D, however, lacks clear methodology; merely listing invoice numbers, dates, and costs not tethered to definable expenses incurred during its lawsuit with Alliance Funding Group. (*Id.*) A motion for attorney's fees must include a reasonable itemization and description of the work performed, and an itemization of all costs sought to be charged as part of the fee award. LR 54-14. The motion should also include a brief summary of the

7

results obtained; the time and labor required; the novelty and difficulty of questions; skill required to perform the services properly; the preclusion of other employment by the attorneys due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; the time limitations imposed by the client or circumstances; the experience, reputation, and ability of the attorneys; the undesirability of the case, the nature and length of the professional relationship with the client; awards in similar cases; and any other information the court may request. *Id.* Plaintiff has not provided briefing or evidence to justify an award of attorney's fees, and the Court accordingly does not grant his request.

## II. Conclusion

It is therefore ordered that Plaintiff's Motion for Default Judgment against Defendant is GRANTED IN PART in the amount of $36,836.75. (ECF No. 39.)

It is further ordered that the Court defers a ruling on Plaintiff's request for attorney's fees under its claim for implied indemnity.

It is further ordered that Plaintiff has until December 18, 2025, to file supplemental briefing regarding its claim for attorney's fees under implied indemnity.

Dated this 4th day of December, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE