UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL'S GOURMET PASTRY, INC,

Plaintiff,

v.

BACK OF THE HOUSE, LLC,

Defendant.

Case No. 2:22-cv-01953-ART-BNW

ORDER ON DAMAGES

The Court granted Plaintiff's Motion for Default Judgment on December 4, 2025, and requested supplemental briefing on the award of attorney's fees under a claim for implied indemnity. (ECF No. 40.) In its supplemental brief, filed on December 18, 2025,  Plaintiff requests both attorney fees in the form of damages under the claim for implied indemnity and attorney fees as a result of the litigation against Defendant. (ECF No. 41)

## I.    Legal Standard

Generally, attorney fees are  not recoverable "absent  authority under  a statute, rule, or contract." *Liu v. Christopher Homes, LLC*, 321 P.3d 875, 878 (Nev. 2014). NRS 18.010 explicitly makes attorney fees available in cases where the prevailing party has not recovered more than $20,000, or when a case was brought without reasonable ground or to harass the prevailing party.

The Supreme Court of Nevada has since found that a party to a contract may also recover from a breaching party the attorney fees that arise from the breach that caused the former party to accrue attorney fees in defending himself or herself against a third party's legal action as special damages. *Liu*, 321 P.3d at 880. When attorney fees are alleged as damages, they must be specifically pleaded and proven by competent evidence. *Sandy Valley Assoc. v. Sky Ranch Estates Owners Ass'n*, 35 P.3d 964, 960 (Nev. 2001).

In a diversity action, federal not state law controls the issue of costs. *Aceves v. Allstate Ins. Co.,* 68 F.3d 1160, 1167 (9th Cir. 1995). Federal Rule of Civil

1

Procedure 54(d)(1) provides: "costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) contains two separate provisions for costs. To recover taxable costs, the prevailing party must file a bill of costs with the clerk. *See also* Local Rule 54-1. Taxable costs are taxed by the clerk rather than the court. Fed. R. Civ. P. 54(d)(1); LR 54-1. The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1. For example, filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1). Nontaxable costs are recoverable on a motion to the court, along with attorney's fees. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-16(b)(2) (A motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15.").

## II.    Analysis

The Court finds that the Plaintiff has met its burden to demonstrate the attorney fees incurred as a result of litigating its case against Alliance Funding Group as special damages under Nevada law with specific evidence, including invoices with a reasonable itemization of the work performed, time and skill required, and customary fee amounts. (ECF No. 41.) These fees are granted.

Plaintiff's claim for attorney fees for its litigation against Defendant, however, were not incurred as a result of defending itself against a third party's legal action, and therefore cannot be granted as special damages. *See Liu*, 321 P.3d at 880 n.2 (declining to address the recovery of attorney fees and costs incurred prosecuting the claim for attorney fees). Plaintiff was already awarded more than $20,000. (*See* ECF No. 40.) Therefore, the Court will not grant these fees.

Plaintiff provided a bill of the costs in his filing for both cases alongside a declaration affirming the accuracy of the amounts, which consists of filing fees, a service processor, and deposition costs. (*Id.* at 16, 42.) Certain deposition costs

are nontaxable, but they are not itemized in the briefing. Therefore, these costs should be requested via a Bill of Costs form with the Clerk.

### III.    Conclusion

It is therefore ordered that Plaintiff is awarded $36,255 in attorney fees against Defendant Back of the House, LLC. Plaintiff's attorney should file a Bill of Costs form with the Clerk pursuant to Local Rule 54-1 to collect his costs.

Dated this 20th day of March, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3